JOURNAL ENTRY and OPINION
{¶ 1} This cause came to be heard upon the accelerated calender pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} It is well settled that the law to be applied when an accident occurs depends on the law in effect at the beginning of the most recent two-year interval. Wolfe v. Wolfe,88 Ohio St.3d 246, 2000-Ohio-322. On September 20, 2000, R.C. 3937.18 was amended to limit recovery under an insurance policy's UM/UIM motorist coverage to circumstances in which an insured suffers bodily injury or death.[1] In the case sub judice, the most recent two-year interval for the policy issued by defendant-appellee Grange Mutual Casualty Company began on January 10, 2001. The accident occurred on December 3, 2001.
 {¶ 3} Therefore, the law in effect at the time of the accident prohibits appellant's recovery, as she did not suffer bodily injury. The issues of timely payment, cancellation, and notice are extraneous. The trial court did not err in granting summary judgment in favor of appellee. Appellant's assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, P.J., and Rocco, J., Concur.
[1] R.C. 3937.18 was amended by S.B. No. 267.